UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| *In re: Rough Rice Commodity Litigation* <br><br> This Document Relates To: <br><br> All Actions | MASTER FILE No. 11 CV 00618 <br><br> Judge John W. Darrah <br><br> Magistrate Judge Finnegan |

**PLAINTIFFS' REPLY MEMORANDUM IN FURTHER SUPPORT
OF THEIR MOTION TO COMPEL PRODUCTION OF DOCUMENTS
PRODUCED TO THE COMMODITY FUTURES TRADING COMMISSION**

Defendants oppose production herein of the documents they produced to the Commodity Futures Trading Commission ("CFTC") on three grounds: (1) the parties supposedly made an agreement to await a determination of Defendants' motion to dismiss, which is purportedly reflected in Pretrial Order No. 1, Doc. No. 24; (2) there supposedly has been no written discovery request; and (3) there has been no Fed.R.Civ.P. Rule 26(f) conference.

The first two grounds are factually in error and the third ground has not been a bar in prior cases to production of documents previously produced to the government.

**I.  Plaintiffs Have Made a Greater Showing Than Was Made in Prior Cases That the Documents Produced to the Government Should Promptly Be Produced to Plaintiffs**

Regarding the first ground, there is no statutory stay of discovery under the Commodity Exchange Act, 7 U.S.C. §§ 1 *et seq.* Plaintiffs have not agreed to any such stay. Pretrial Order No. 1 does not even suggest, let alone provide for a stay. Its only provision cited by Defendants, ¶ 16(f), provides only that discovery (among other things) "shall be addressed by the Court in a

1

subsequent order." It says nothing about a stay of discovery, and leaves open **when** the Court will address same.

Now is the time "when" that subsequent order should be addressed and entered. Generally, the Federal Rules are very flexible on the timing of discovery. "The provisions for discovery are so flexible and the provisions for pretrial procedure and summary judgment so effective, that attempted surprise in federal practice is aborted very easily, synthetic issues detected, and the gravamen of the dispute brought frankly into the open for the inspection of the court." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512-513 (2002).

Particularly in cases in which the Plaintiffs' claims coincide with an investigation (resulting, here, in millions of dollars in fines and other sanctions against Defendants) the justice system has quickly brought the Defendants' documents produced to the government into the open in the subsequent civil case.

- In *In re Dairy Farmers of America, Inc. Cheese Antitrust Litig.*, 09-cv-03690, Judge Hibbler's order that targeted discovery, including but not limited to materials previously produced to the CFTC, go forward was entered **prior to** the Rule 26(f) conference. *Compare id.* Doc. No. 75 (Mar. 4, 2010 Order directing discovery) *with id.* Doc. No. 88 (May 11, 2010 Report of Rule 26(f) meeting).

- In *In re Platinum and Palladium Commodities Litig.*, 10-cv-3617, Doc. No. 59 (S.D.N.Y.), the Court denied defendants' motion to stay discovery and specifically contemplated that plaintiffs might use documents the defendants had produced to the CFTC in amending the complaint.[1] *Compare id.* Doc. No. 59 (denying motion to stay discovery) *with id.* Doc. No. 70 (Sept. 13, 2011 Memorandum and Order denying in part and granting in part motion to strike and

---

[1] Defendants simply duck this aspect of *Platinum and Palladium* in arguing that "if the Court grants the motion to dismiss, the case will be over without any need for discovery."

2

granting motion to dismiss without prejudice) *and id.* Doc. No. 72 (Sept. 30, 2011 Memo Endorsement denying application for "clarification" of Order and permitting plaintiffs to use CFTC documents in amending complaint).

- *In Re Photochromatic Lens Antitrust Litig.*, MDL Doc. No. 2173 (M.D. Fl.), Doc. No. 81 (filed Nov. 5, 2010), at *6 ("On October 25, 2010, despite the absence of any agreement among the parties on a case management schedule, Defendants voluntarily produced [documents already given to the Federal Trade Commission] to Plaintiffs").

- *In re Bank of Am. Corp. Secs*, 2009 U.S. Dist. LEXIS 108322, 6-9 (S.D.N.Y. Nov. 16, 2009) (PSLRA stay[2] lifted and defendants ordered to produced documents already produced to by defendants in ongoing related matters – including government actions).

- *In re LaBranche Sec. Litig.*, 333 F. Supp. 2d 178, 180, 183 (S.D.N.Y. 2004) (court compelled production of documents already produced to the SEC and the New York Stock Exchange who had both investigated the defendant, LaBranche & Co., Inc., for the precise schemes alleged by plaintiffs.").

- *In re Delphi Corp.* No. 05-md-1725, 2007 WL 51826, at *8 (E.D. Mich. Feb. 15, 2007) (granting partial lifting of discovery stay pending motion to dismiss in order to permit discovery of documents already produced to the government).

- *In re FirstEnergy Corp Secs. Litig*, 229 F.R.D. 541, 545 (N.D. Ohio 2004) (ordering the production of documents that defendant had already produced government agencies

---

[2] These cases demonstrate that even in the context of securities litigation, where the Private Securities Litigation Reform Act statutorily imposes a mandatory stay on litigation before the motion to dismiss, courts have readily ordered the production of documents already produced to governmental and public agency investigations because doing so creates no undue burden on the producing party who has already reviewed, compiled and produced the requested information.

finding that the defendant "cannot, and indeed does not, allege any burden from providing documents that it has already reviewed and compiled.").

- *Singer v. Nicor, Inc.*, Civ. No. 02-5168, 2003 U.S. Dist. LEXIS 26189, *5 (N.D. Ill. Apr. 23, 2003) (ordering the production of documents already produced to state and federal agencies because the documents have "already been found and compiled and defendants would not be unduly burdened by producing them to plaintiffs now.).

- *In re Royal Ahold N.V. Sec. & ERISA Litig.*, 220 F.R.D. 246, 250 (D. Md. 2004) (lifting PSLRA stay for documents already produced to the government "as the burden of producing the materials should be slight, considering that the defendants have previously produced them to other entities.").

- *In re Enron Corp. Sec., Deriv. & Erisa Litig.*, 2002 U.S. Dist LEXIS 26261, *31 (S.D. Tex. Aug. 16, 2002) (granting motion to lift discovery stay because burden on defendant was slight where it had "already found, reviewed, and organized the documents.").

Plaintiffs here are in a **stronger** position in seeking prompt production than were the plaintiffs in the above cases because Plaintiffs have exhausted their remedies under the Freedom of Information Act ("FOIA") (Motion at ¶ 1) and established the following.

**Contrary** to Defendants' premise (in their motion to dismiss) that this case supposedly involves only exceeding position limits and not manipulation, Defendants made incriminating admissions to the government by asserting their Fifth Amendment privilege and refusing to answer questions such as whether they intended to and did "squeeze the shorts." *Id.* "[I]nvoking the Fifth Amendment in a civil context invites an inference that the witness' testimony would be adverse to his interest." *Capital City Financial Group, Inc. v. County of Cook*, No. 01 C 564,

4

2002 WL 31385835 at *8 (N.D.Ill. Oct. 21, 2002) (Darrah, J.), quoting *Central States, Southeast & Southwest Areas Pension Fund v. Wintz Properties, Inc.*, 155 F.3d 868, 872 (7th Cir.1998).

"Squeezing the shorts" is not necessarily a violation of position limits but is necessarily a classic form of price manipulation that Congress has been trying to prevent for almost ninety years.[3] Defendants' admission of squeezing the shorts shows or strongly indicates that, consistent with the manipulation-prevention purposes of position limits, Defendants were using their large positions to perpetuate a classic form of manipulation. Defendants' incriminating assertion of the Fifth Amendment privilege on the issue of whether they were using their unlawfully large positions to manipulate prices, rebuts the premise (in Defendants' motion to dismiss) that Defendants only violated the limits and did not manipulate.

Accordingly, Plaintiffs have put forth here more bases for their motion for the documents produced to the government than was put forth in all the prior cases in which courts exercised their discretion to order production of documents that defendants had produced to the government before resolution of the motion to dismiss. Plaintiffs have both pointed to admissions made in the administrative proceeding and connected those admissions directly to a refutation of Defendants' assertion in their motions to dismiss.

Therefore, the timing is very ripe **now** to address, in a subsequent order, discovery. Specifically, production by Defendants of the documents already produced to the CFTC should be ordered now.

II. **There Was a Document Request, and a Rule 26(f) Conference Has Not Been a Bar to Production of Documents Produced to the Government, But Such a Conference May Be Ordered Here**

---

[3] *See Metallgesellschaft AG v. Sumitomo Corp. of America*, 325 F.3d 836, 837 (7th Cir. 2001); *Frey v. CFTC*, 931 F.2d 1171, 1175 (7th Cir. 1991).

5

Contrary to Defendants' argument that "there has been no discovery request on which to base a motion to compel," Plaintiffs requested in writing that Defendants produce to Plaintiffs the documents that the Defendants produced to the CFTC, and Plaintiffs then did "meet and confer" with Defendants' counsel by telephone on two specified occasions to discuss Defendants' production of the specified documents. *See* Plaintiffs' Motion to Compel, Doc. No. 33 ("Motion"), at ¶ 6. Defendants' counsel declined to make the production as premature until the Court ruled on the motion to dismiss. *Id.* Because the documents sought are those previously searched, segregated and produced by Defendants to the CFTC, Defendants cannot (and do not) assert that they lack notice of precisely what documents are being sought, or that production of those segregated documents would be unduly burdensome.

Defendants' unambiguous refusal to make this production while the motion to dismiss remains pending, dodges the fact that the requested documents refute the main premise for Defendants' motion to dismiss: Defendants' conduct merely involves larges positions, not manipulation.

Regarding the Rule 26(f) discovery conference, in situations like this, documents produced to the government have been ordered to be produced to Plaintiffs. Failing that, Defendants should be ordered to produce the documents and engage in the 26(f) conference.

## CONCLUSION

In sum, Defendants' arguments in opposition to the Motion to compel are without merit. Plaintiffs have established substantial reasons and authorities that Defendants' assertions on their motion to dismiss have made the time very ripe to issue a subsequent order compelling discovery of the documents that Defendants produced to the government and that (likely) will show that Defendants not only violated position limits 83 times but intended thereby to manipulate prices.

Dated: December 23, 2011

/s/Christopher Lovell
Christopher Lovell
Gary Jacobson
Christopher M. McGrath
**LOVELL STEWART HALEBIAN JACOBSON LLP**
61 Broadway, Suite 501
New York, New York 10006
Telephone: (212) 608-1900
Facsimile: (212) 719-4775

/s/ Vincent Briganti
Vincent Briganti
Geoffrey Horn
**LOWEY DANNENBERG COHEN & HART, P.C.**
One North Broadway
White Plains, New York 10601
Telephone: (914) 997-0500
Facsimile: (914) 997-0035

*Lead Counsel for Plaintiffs and the Proposed Class*

/s/ Marvin A. Miller
Marvin A. Miller
Matthew E. Van Tine
**MILLER LAW LLC**
115 S. LaSalle Street, Suite 2910
Chicago, Illinois 60603
Telephone: (312) 332-3400

Michael D. Hausfeld
William P. Butterfield
Ralph J. Bunche
**HAUSFELD LLP**
1700 K Street, NW, Suite 650
Washington, DC 20006
Telephone: (202) 540-7200
Facsimile: (202) 540-7201

Elizabeth A. Fegan
**HAGENS BERGMAN SOBOL SHAPIRO LLP**
1144 West Lake Street, Suite 400
Oak Park, Illinois 60301

Telephone: (708) 628-4960
Facsimile: (708) 776-4950

Lee Albert
Benjamin D. Bianco
**MURRAY, FRANK & SAILER LLP**
275 Madison Avenue, Suite 801
New York, New York 10016
Telephone: (212) 682-1818

*Additional Counsel for the Proposed Class*