**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| *In Re: Rough Rice Commodity Litigation* | MASTER FILE No. 11 CV 00618 |
| This Document Relates To: All Actions | Honorable John W. Darrah |
| | Magistrate Judge Finnegan |

**OPPOSITION TO PLAINTIFFS' RENEWED MOTION TO COMPEL PRODUCTION
OF DOCUMENTS PRODUCED TO THE CFTC**

The Court should deny plaintiffs' renewed motion to compel. Their previous motion to compel, filed on December 5, 2011, was referred to Magistrate Judge Finnegan, who denied it as moot after defendants' motion to dismiss was granted. (*See* Dkt. No. 52.) In their renewed motion, plaintiffs repeat the same arguments they made in their original motion to compel. The Court should deny the renewed motion because it is procedurally improper, it is contrary to the agreed scheduling order previously entered by the Court, and it improperly seeks discovery in an attempt to try to find a basis for pleading a case instead of proving a case that has been pleaded.

The motion is procedurally improper because there has been no Rule 34 discovery request on which to base a motion to compel. Plaintiffs' vague statement in their brief that they "requested in writing" that defendants produce the documents they seek does not satisfy their burden of showing they complied with Rule 34. Nor has discovery even commenced in this case so as to permit a Rule 34 request. Under the applicable court rules, discovery requests must be preceded by a discovery conference, initial disclosures, and a discovery plan to be submitted to the Court. Then, in accordance with the approved plan, discovery requests may be made and responded to, and only to the extent that the parties are unable to resolve differences resulting

from this process is a motion to compel appropriate. None of these required predicates for a motion to compel have been satisfied.

The reason that discovery has not begun in this case is that the parties agreed, and the Court ordered, that the motion to dismiss would proceed first, with any scheduling of discovery to be the subject of a separate scheduling order. Pursuant to the agreed order, defendants moved to dismiss, and the Court granted the motion without prejudice. Plaintiffs have filed an amended complaint, and defendants have again moved to dismiss. The current motion to dismiss has been fully briefed and is awaiting decision. Only after the motion is decided will it be appropriate to schedule discovery, and then only if the motion is denied.

It is evident that plaintiffs' attempt to circumvent the rules and the agreed procedure is part of a desperate attempt to develop a basis for a complaint which has been dismissed once and which defendants have moved to dismiss again on the ground that it does not state a claim for which relief can be granted. If the motion to dismiss is granted, then there will be no need for discovery. If the motion were denied, the parties would move on to the next stage of the case, which would involve the discovery procedures outlined above. Under no circumstances should plaintiffs be permitted to disregard the rules and agreed scheduling order and compel production of documents, let alone documents that are not even the subject of a discovery request, as they seek to do with this motion.

Accordingly the motion to compel should be denied for these reasons and the additional reasons stated below:

1. At a status conference on April 12, 2011, plaintiffs informed the Court that they would be filing a consolidated class action complaint, and the parties agreed to a schedule for filing the complaint and any motion to dismiss that complaint. To reflect the parties' agreement

2

on scheduling, the Court entered Pretrial Order No. 1 (Dkt. No. 25), which set forth, among other things, consolidation of cases, a date for filing of a consolidated complaint, and a briefing schedule for any motion to dismiss. Pretrial Order No. 1 specifically addressed discovery by stating that "[a]ll other scheduling matters relating to, *inter alia*, discovery and motions, including class certification, shall be addressed by the Court in a subsequent order." (Pretrial Order No. 1, ¶ 16(f).)

2. Pursuant to Federal Rule of Civil Procedure 26(d)(1), "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f) . . . ." Fed. R. Civ. P. 26(d)(1). At the 26(f) conference, the parties are required to develop a discovery plan and submit it to the Court for approval. Further, once discovery has begun, a party may not file a motion to compel discovery under Rule 37 unless the other party fails to respond to a discovery request made under the Federal Rules. *See* Fed. R. Civ. P. 37(a)(3)(B) (motion may be made if, *inter alia*, party fails to respond to a Rule 34 document request). There has been no discovery conference, no discovery plan, and there has been no Rule 34 discovery request. Thus, it is procedurally improper for Plaintiffs to move to compel the production of documents at this time, and the motion should be denied for this reason alone.

3. In support of their motion, plaintiffs cite several cases purporting to establish that while a motion to dismiss is pending, courts have ordered defendants to produce documents that have already been produced to a governmental agency. However, these cases involved very different procedural postures, and in particular, the defendants in each case moved to stay discovery. *See Syngenta Seeds, Inc. v. BTA Branded, Inc.* 05 C 6673, 2007 WL 3256848 (N.D. Ill. Nov. 1, 2007). In most of the cases cited by plaintiffs, the court's pretrial order contained a discovery schedule and the plaintiffs had already served document requests on the defendants.

*See In re Dairy Farmers of Am. Inc. Cheese Antitrust Litig.*, 09-cv-03690 (N.D. Ill. Mar. 4, 2010) (Dkt. No. 75) (denying defendants' motion to stay discovery and pending motions to dismiss and ordering defendants to respond to document requests that had already been served by plaintiffs); *Hershey v. PIMCO*, 05-cv-04681 (N.D. Ill. Aug. 22, 2006) (Dkt. No. 117) (after parties had already engaged in discovery for six months, court denied defendants' motion to stay further discovery); *In re Platinum and Palladium Commodities Litig.*, 10-cv-3617 (S.D.N.Y. Nov. 30 2010) (Dkt. No. 59) (after discovery plan was entered in pretrial order, court granted leave for defendants to file a motion to stay discovery, denied it, and ordered defendants to respond to already-served document requests). The other case cited by plaintiffs (by citing a portion of a transcript of a court conference) was similarly in a different procedural posture from this case. *In re Crude Oil Commodity Futures Litig.,* 11 CV 5569 (WHP) (S.D.N.Y.) (court commented at an initial case management conference that defendant should produce some limited documents rather than seek a stay of discovery). In none of these cases did the Court grant a motion to compel discovery without requiring plaintiffs to follow the proper procedures for discovery set forth in the Federal Rules.

4.  Here, discovery has not been stayed, but rather it has not started, as provided in the agreed Pretrial Order No. 1. Moreover, even if a stay of discovery were at issue here, the Court has wide discretion to stay discovery until a motion to dismiss is resolved. *See Brown-Bey v. United States*, 720 F.2d 467, 470 (7th Cir. 1983). Contrary to plaintiffs' arguments (Dkt. No. 81 at ¶ 4), such discretion applies generally, and is not limited to cases involving jurisdiction, standing, qualified immunity or where discovery may be especially burdensome and costly to the parties. Courts in this circuit have stayed discovery in many cases where, as here, the defendant has filed a motion to dismiss for failure to state a claim on which relief can be granted. *In re*

*Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 331, 336-7 & n.6 (N.D. Ill. 2005) (collecting cases) ("Stays are often deemed appropriate where the motion to dismiss can resolve the case—at least as to the moving party.").

5. Despite having had their previous complaint dismissed, and despite facing another motion to dismiss directed at their amended complaint, plaintiffs nevertheless suggest that the Court should, contrary to the record, assume for purposes of this motion to compel that their complaint is well-founded. In particular, they argue that this is not a case where "the factual or legal basis for the claims is non-existent, questionable or of dubious utility." (Dkt. No. 81, at ¶ 10.) However, as shown by the Court's dismissal of plaintiffs' previous complaint (Dkt. No. 51), and the briefing of the pending motion to dismiss the amended complaint (Dkt. Nos. 66 & 79), the legal and factual bases of the complaint are indeed non-existent, questionable or dubious. Plaintiffs read a published CFTC settlement order in which defendants settled an alleged position limit violation without admitting or denying the position limit allegations, and are trying to bring a manipulation case based on that settlement. It is precisely because they have no basis for their complaint that they are trying to force defendants into premature discovery in hopes that something will turn up to give them a basis for a cause of action. This is not, however, a legitimate basis for discovery, which is intended for persons who are already in court on a valid claim, and not to allow private court-sanctioned investigations by plaintiffs who are searching for a basis to bring a claim. If the Court should decide that plaintiffs have stated a claim in the amended complaint they will have an opportunity for discovery. If the Court should grant the motion to dismiss, the case will be over and there will be no need for discovery.

## CONCLUSION

For these reasons, the Court should deny plaintiffs' renewed motion to compel.

Dated: June 5, 2012.

        Respectfully submitted,

        /s/William J. Nissen

        William J. Nissen
        Elizabeth L. Maxeiner
        SIDLEY AUSTIN LLP
        One South Dearborn Street
        Chicago, IL 60603
        Ph: (312) 853-7000
        Fax: (312) 853-7036
        wnissen@sidley.com
        emaxeiner@sidley.com

*Attorneys for Defendants Andrew W. Daniels, Glenn A. Swanson, Global Asset Advisors LLC d/b/a Daniels Trading, and Daniels Trading Group LLC*

        /s/Phillip L. Stern

        Phillip L. Stern
        Neal Gerber & Eisenberg LLP
        Two N. LaSalle Street
        Suite 1700
        Chicago, IL 60602
        Ph: (312) 269-8488
        Fax: (312) 269-1747
        pstern@ngelaw.com

*Attorney for Defendant Edward L. Taylor*

CH1 6812256v.1